## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
UNROW HUMAN RIGHTS                                  )
IMPACT LITIGATION CLINIC,                           )
    American University,                          )
    Washington College of Law                     )
    4801 Massachusetts Avenue, NW                 )
    Washington, D.C. 20016                        )
                                                    )
        Plaintiff,                        )
                                                    )
        v.                                )      Civil Action No. **13-1573**
                                                    )
U.S. DEPARTMENT OF STATE,                           )
    2201 C Street, NW                             )
    Washington, D.C. 20520,                       )
                                                    )
DEFENSE INTELLIGENCE AGENCY,                        )
as a component entity of the                        )
U.S. DEPARTMENT OF DEFENSE,                         )
    200 MacDill Blvd., SE                         )
    Washington, D.C. 20340                        )
                                                    )
        Defendants.                       )
_____)

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, UNROW Human Rights Impact Litigation Clinic of American University, Washington College of Law ("UNROW"), alleges the following in its Complaint for Injunctive Relief against the U.S. Department of State ("DoS") and the Defense Intelligence Agency ("DIA"), a component entity of the U.S. Department of Defense ("DoD"):

### INTRODUCTION

1.      UNROW brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief to enforce its right to agency records from DoS and DIA (a component of DoD).

2.      FOIA is the cornerstone of the U.S. government's stated priority of maintaining a transparent government accountable to the American people.   In accordance with the U.S. government's interest in openness, FOIA grants the public access to U.S. government agency records as a matter of right.   The U.S. government is relieved of its obligation to disclose agency records to the public **only** under specifically enumerated exemptions.   Over-classification of documents to avoid disclosure undermines the purpose of FOIA.

3.      UNROW sought disclosure of a 2009 U.S. Embassy cable that detailed the UK government's ongoing interest in creating a marine park in the British Indian Ocean Territory ("BIOT").   The UK government's interest in creating this marine park is part of an international effort to permanently prevent the return and resettlement of the native inhabitants of the Chagos Archipelago ("Chagossians")—located within the BIOT—who were unlawfully expelled in the late 1960s and early 1970s.[1]   If successful, the UK government's actions would effectively destroy the cultural identities and homelands of thousands of exiled islanders who have experienced extreme financial and emotional hardship while attempting to resettle in other countries.

4.      The Embassy cable sheds light on the UK government's true motives for the continuous displacement of a historically marginalized population and demonstrates its continued disregard for their basic human rights.   The UK official's humiliating use of the term "Man Fridays" in reference to the evicted Chagossians demonstrates the present-day shameful disregard for the Chagossians' right to return to their homeland.

5.      Defendants have insisted on withholding this Embassy cable based on purported concerns over national security and foreign relations, even though DoS has admitted that both

---

[1] *See US embassy cables: Foreign Office does not regret evicting Chagos islanders*, The Guardian (Dec. 2, 2010), *available at* http://www.theguardian.com/world/us-embassy-cables-documents/207149.

DoS and DIA possess an agency record "identical" to a copy of the cable published by the *Guardian* and accessible to millions of people.[2]  Despite this clear acknowledgement that the public has had access to an exact copy of the Embassy cable for years, DoS claims that the document is exempt from disclosure under Executive Order 13526, which protects classified information.

6.     By improperly invoking Executive Order 13526 and refusing to disclose the "identical" agency record, DoS and DIA are attempting to over-classify documents in an obvious effort to shield the UK and U.S. governments from embarrassment.  Executive Order 13526 expressly prohibits the government from withholding a relevant agency record based on mere embarrassment to the government.  DoS's actions undermine the core values of the United States and FOIA, including freedom of press and speech, right to a fair trial, and many other basic protections guaranteed by the Constitution.

7.     To vindicate the public's right to access, obtain, and review records concerning government conduct, UNROW seeks an injunction requiring DoS and DIA to release wrongfully withheld agency records.

8.     UNROW asks this Court to conduct a judicial review to verify that DoS and DIA have officially acknowledged that the document in their possession, custody, and control is identical to the document that UNROW requested.

## JURISDICTION & VENUE

9.     This Court has both personal and subject matter jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

---

[2] UNROW attached a copy of the Embassy cable published by the *Guardian* to its FOIA requests.

## PARTIES

11.     Plaintiff UNROW is a litigation program at American University Washington College of Law.  UNROW provides pro bono legal representation to clients seeking redress for violations of their human rights.

12.     Defendant DoS is an agency of the Executive Branch of the U.S. government. DoS is an agency within the meaning of 5 U.S.C. § 552(f).  Numerous government agencies have noted—including DoS itself—that DoS has possession, custody, and control of the agency record UNROW seeks.  DoS is headquartered at 2201 C Street, NW, Washington, D.C. 20520.

13.     Defendant DIA is a combat support agency and component entity of DoD, an agency of the Executive Branch of the U.S. government.  DIA, as a component entity of DoD, is an agency within the meaning of 5 U.S.C. § 552(f).  DIA has possession, custody, and control of the agency record UNROW seeks.  DIA is headquartered at 200 MacDill Blvd, SE, Washington, D.C. 20340, and DoD is headquartered at 1400 Defense Pentagon, Washington, D.C. 20301.

## BACKGROUND

### *The Cable*

14.     On December 2, 2010, the *Guardian* published a U.S. Embassy cable dated May 15, 2009, entitled, "HMG floats proposal for marine reserve covering the Chagos Archipelago (British Indian Ocean Territory)."

15.     The Embassy cable details a meeting between U.S. Embassy officials and Colin Roberts, the UK Foreign and Commonwealth Office's Director of Overseas Territories, in which the parties discussed the establishment of a marine park encompassing the Chagossians' native land.  In response to pressure from the Chagossians and their advocates to resettle the islands, "Roberts stated that . . . there would be 'no human footprints' or 'Man Fridays' on the . . .

uninhabited islands."  He asserted that establishing a marine park would, in effect, forever extinguish any resettlement claims of the archipelago's "former residents."

16.     The Embassy cable demonstrates that the UK government's interest in creating a protected marine park is mere pretext for the continued forced displacement of the Chagossians from their homeland.

### FOIA Requests

17.     On April 22, 2013, UNROW submitted FOIA requests to various U.S. government agencies listed on the Embassy cable, including DoS, the U.S. Department of Energy ("DoE"), and the U.S. Department of the Interior ("DoI"), as well as various components of DoD, including DIA, the U.S. Department of the Army ("DoA"), and the U.S. Department of the Navy ("DoN").

18.     In its FOIA requests, UNROW sought access to and release of an Embassy cable identical to a copy of the cable that UNROW attached to its FOIA requests.

19.     Each agency that responded noted that the requested Embassy cable originated within DoS and pointed to DoS as the agency in control of the cable.

### DoN, DoI, DoA, and DoE Responses

20.     DoN responded to UNROW's FOIA request on April 23, 2013, acknowledging receipt of UNROW's request.  As of the filing of this Complaint, UNROW has not received a decision from DoN.

21.     DoI responded to UNROW's FOIA request on May 6, 2013, determining that it had "no records responsive to [UNROW's] request" and instructing UNROW to contact DoS directly.

22.     DoA responded to UNROW's FOIA request on May 9, 2013, stating that the document "originated with the Department of State" and instructing UNROW to contact DoS directly.

23.     DoE responded to UNROW's FOIA request on June 19, 2013, declaring that "the document . . . requested is under the jurisdiction of the Department of State" and instructing UNROW to contact DoS directly.

### DIA Responses

24.     DIA responded to UNROW's FOIA request on May 6, 2013, noting that it had "located one document (7 pages) responsive to the subject of your request."  DIA nonetheless referred the determination of the request to DoS as the agency that originated the document.

25.     UNROW appealed this response on June 11, 2013, noting that according to DoD regulations, DIA "is not released from the responsibility of fulfilling our request simply because the document originated within another agency."

26.     On August 20, 2013, DIA denied UNROW's appeal.  DIA stated that its referral to DoS was "appropriate and fully compliant with the FOIA" and that it would continue to withhold the responsive document.  DIA reiterated that it has "a responsive record *maintained* by this Agency" (emphasis added).  DIA did not assert an exemption to explain its withholding of the responsive records.

27.     UNROW has fully exhausted its administrative remedies under FOIA for the release of properly requested documents in DIA's possession.  5 U.S.C. § 552(a)(6)(C)(i).

### DoS Responses

28.     DoS responded to UNROW's FOIA requests to both DoS and DIA on July 5, 2013—seventy-four working days after UNROW's initial FOIA request—acknowledging that

record searches by both agencies "resulted in the retrieval of one ***identical*** document responsive to your request" (emphasis added).  DoS withheld the document in full, however, alleging that the agency record was properly classified under Executive Order 13526 and thus exempt from disclosure under § 552(b)(1).

29.     DoS has officially disclosed the contents of the requested agency record. UNROW requested the Embassy cable by name (including specific identifying details) and attached a printout of the electronic copy of the cable, as published by the *Guardian*.   In affirming retrieval of an "identical" document responsive to UNROW's request, DoS has officially acknowledged that the printout of the electronic copy of the diplomatic cable published by the *Guardian* specifically matches the requested document.

30.     UNROW appealed DoS's determination on July 15, 2013, noting that FOIA's national security exemption, 5 U.S.C. § 552(b)(1), as embodied within Executive Order 13526, does not apply "because the document will not cause grave damage to national security or foreign relations if disclosed, especially in light of the widespread availability of an unofficial copy of the document."   Moreover, DoS effectively waived its right to claim any exemption by acknowledging possession of an "identical" record, which constitutes an official disclosure of the information contained therein.

31.     On August 27, 2013—thirty-one working days after UNROW's appeal—DoS sent UNROW a letter acknowledging receipt of UNROW's July 15 appeal.

32.     DoS has failed to provide a determination on UNROW's appeal within the statutorily mandated twenty-day period.   FOIA provides requesters a right to timely determinations.  Accordingly, DoS has failed to comply with its obligations under 5 U.S.C. §

552(a)(6)(A)(i) and 22 C.F.R. § 171.52(c).  There is no legal justification for DoS's denial of UNROW's request and failure to produce the requested agency record in a timely manner.

33.     UNROW has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) for the release of properly requested agency record in DoS's possession and control.

34.     DoS cannot in good faith assert that the information withheld falls within the proffered exemption, especially after officially acknowledging the information withheld. Therefore, disclosure of the requested agency record cannot reasonably be expected to result in damage to national security or foreign relations.  DoS and DIA wrongfully withheld the requested records from UNROW and are in breach of their obligations under FOIA.

## <u>CAUSE OF ACTION UNDER FOIA AGAINST DOS AND DIA</u>
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Agency Records**

35.     UNROW repeats, alleges, and incorporates the allegations in paragraphs 1-34 as if fully set forth herein.

36.     DoS and DIA are engaging in efforts to unlawfully withhold public records requested by UNROW under 5 U.S.C. § 552.

37.     DoS and DIA are obligated under 5 U.S.C. § 552(a)(3) to produce agency records responsive to UNROW's request.  DoS and DIA's failure to disclose agency responsive records violates 5 U.S.C. § 552(a)(3), 22 C.F.R. § 171.1, and 32 C.F.R. § 286.4.

38.     UNROW has a legal right to obtain such records, and no legal basis exists for DoS and DIA's failure to disclose them.

39.     DoS and DIA's withholding of the requested agency record violates UNROW's legal right to obtain the record.  UNROW's rights will continue to be violated unless DoS and DIA are compelled to conform their conduct to the requirements of the law.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court:

A.     Declare that Defendants are in violation of FOIA for refusing to disclose the requested record;

B.     Enjoin Defendants from continuing to withhold the requested record;

C.     Order Defendants to disclose and make available to Plaintiff the entire requested record and any other responsive agency records in a timely manner;

D.     Conduct a judicial review to confirm the genuineness of the copy of the Embassy cable that Plaintiff attached and submitted to Defendants with its requests;

E.     Conduct a judicial review to confirm that the contents of the agency record in Defendants' possession and control are identical to those of the copy of the Embassy cable that Plaintiff attached and submitted to Defendants with its requests;

F.     Order the Defendants to award Plaintiff its costs and reasonable attorneys' fees incurred in this action under 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412; and

G.     Grant such other equitable relief as this Court may deem just and proper.

DATED:  October 15, 2013

Respectfully Submitted,

_____/S/_____

Ali A. Beydoun
D.C. Bar No. 475413
Erin Louise Palmer
*(admission pending)*
UNROW Human Rights Impact Litigation Clinic
American University Washington College of Law
4801 Massachusetts Avenue, NW
Washington, D.C. 20016
(202) 274-4088